## J. O'FERRALL & CO. v. S. MOORE ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 24, 1889—Decided June 7, 1889.

If, upon the trial of an appeal from the judgment of a justice of the peace, the cause is tried upon its merits, without regard to the amount of the plaintiff's claim or of the defendant's set-off, it is too late, when all the testimony is before the jury, for the plaintiff to ask to have the

### Statement of Facts.

defendant's evidence of set-off withdrawn from the jury, on the ground that its amount exceeds the jurisdiction of the justice.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 358 January Term 1889, Sup. Ct.; court below, No. 22 May Term 1887, C. P.

On April 1, 1887, John O'Ferrall, trading as John O'Ferrall & Co., obtained judgment before a magistrate against Samuel Moore and Eugene M. Haines, for $293.92, from which judgment the defendants took an appeal. In the Court of Common Pleas the plaintiff, on April 23, 1887, declared on a note for $400, dated September 7, 1886, with the common counts. At the foot of the narr was the memorandum: "$400 less $114.29," and the following statement in addition:

| | |
|---|---|
| " Amount of plaintiff's demand | $285.71 |
| Cost of protest, etc., | 2.51 |
| Interest from December 9, 1886 | ———" |

On the same day the plaintiff filed an affidavit of claim setting out a copy of the note with a credit indorsed of $114.29, and claiming a balance of $285.71, with interest from December 9, 1886, and $2.51 costs of protest.

The defendants pleaded, non-assumpsit, payment, payment with leave and set-off.

At the trial on February 8, 1888, before LIVINGSTON, P. J., the plaintiff put in evidence the note with its indorsement and rested.

The defendants showed that the note was given in part payment for fruit cans which defendant Moore had purchased from the plaintiff, and offered evidence to the effect that Moore had suffered damage by reason of the defective character of the cans furnished, loss on fruit, delay, overcharges, etc., and as to cash paid by defendants in excess of the credits allowed. When footed up the items of damage and credit claimed by the defendants, upon the evidence, aggregated $442.81.

The plaintiff adduced testimony in rebuttal of defendants' case, and when the case was closed on the evidence, "Mr. Hensel, on behalf of plaintiff, requested the court to withdraw from the jury all evidence offered by the defence in support of

a set-off, as the total amount of set-off exceeded $300, a sum beyond the jurisdiction of the justice of the peace from whom this case comes into this court on an appeal; and to instruct the jury to find a verdict for the plaintiff for the full amount of his claim."

The court declined to withdraw the testimony of set-off from the jury, and to instruct the jury as requested by plaintiff's counsel. Exception to plaintiff.

While the case was with the jury, by leave of the court, the plaintiff amended his narr by declaring for $285.63, instead of $400.

The jury returned a verdict in favor of the plaintiff for $22.63. A rule for a new trial having been discharged, by opinion filed, LIVINGSTON, P. J., the plaintiff took this writ, specifying that the court erred:

1. In not withdrawing from the jury all evidence offered by the defence in support of a set-off after it appeared that the total amount of set-off claimed exceeded three hundred dollars.

2. In not withdrawing from the jury all evidence offered by the defendants except so much as related to payment and overcharges.

3. In not giving binding instructions for the plaintiff for his whole claim, except so much as was shown to have been paid or to have been based on overcharges.

4. In not giving binding instructions for the plaintiff for the full amount of his claim.

*Mr. W. U. Hensel* (with him *Mr. Brown*), for the plaintiff in error.

*Mr. Marriott Brosius*, for the defendants in error.

PER CURIAM:

It appears from an examination of the testimony, returned with the record, that this case was tried on its merits without regard either to the extent of the plaintiff's claim, or the aggregate amount and nature of the items presented by defendants under their pleas of "non-assumpsit, payment, payment with leave and set-off." No points for charge were presented in writing by either side, but, when the case was about being.

submitted to the jury, the court was verbally requested by plaintiff's counsel, to withdraw all the evidence introduced by defendants in support of their plea of set-off, because the items of set-off aggregated more than $300, the limit of the justice's jurisdiction, and to instruct the jury to find for plaintiff the full amount of his claim. The refusal of the court to withdraw the evidence and instruct the jury as requested, is the subject of complaint in the several specifications of error.

In his opinion refusing a new trial, the learned judge, referring to the manner in which the case was tried, says: "When . . . . . objection was about being made to the admission of defendant's testimony as to set-off, because it was apparent the amount of set-off claimed would exceed the jurisdiction of a justice of the peace and could not have been admitted by the justice, we very plainly intimated to counsel that if the justice had not jurisdiction of defendant's set-off, neither had he of plaintiff's claim as shown by the narr and pleadings in the case, as both in amount exceeded the jurisdiction of a justice of the peace, and that it would probably be best to dismiss the case for that reason; but, neither party desired that this should be done. Both appeared desirous of proceeding with and disposing of the case on its merits. The objection was not pressed nor entered and the case was proceeded with on its merits, as if originally brought in this court. The whole dealings and accounts between the parties were fully and fairly laid before the jury. The plaintiff, without objection on the part of the defendants, took his chance of obtaining a verdict, and did obtain a verdict for $22.63."

In view of what clearly appears to be the fact, that technical objections were waived and by mutual consent the case was tried upon its merits as though the suit had been originally brought in court, it was too late, after all the testimony was before the jury without any exception to its admission, to ask the court to strike out the evidence on which defendants mainly relied, and to direct a verdict in favor of plaintiff. Under the circumstances, the court was clearly right in refusing to do either. The assignments of error are not sustained.

Judgment affirmed.